IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

DWAYNE GUE, and,
CHRISTY TORISEVA, individually, brother
and sister, DWAYNE GUE, as owner
of GUE INVESTMENTS, LLC,
CHRISTY TORISEVA, as owner of
MOUNTAINEER FOODS, LLC,
MOUNTAINEER FOODS, LLC, and
GUE INVESTMENTS, LLC,

      Plaintiffs,

v.                                    CIVIL ACTION NO. 3:21-cv-00123
                                                (Removed from Circuit Court of Cabell County
                                                Civil Action No. 21-C-24)

NATIONWIDE INSURANCE COMPANY OF AMERICA,
and STEPHEN COHEN,

      Defendants.

# Notice of Removal

Defendant, Nationwide Insurance Company of America ("Nationwide"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of its removal of a cause of action commenced in the Circuit Court of Cabell County, styled *Dwayne Gue, and, Christy Toriseva, individually, brother and sister, Dwayne Gue, as owner of Gue Investments, LLC, Christy Toriseva as owner of Mountaineer Foods, LLC, Mountaineer Foods, LLC, and Gue Investments, LLC, Plaintiffs, v. Nationwide Insurance Company of America and Stephen Cohen, Defendants*, Civil Action No. 21-C-24 (the "State Court Action"), to the United States District

Court for the Southern District of West Virginia.[1] In support of its *Notice of Removal*, Nationwide states as follows:

1. On January 15, 2021, Plaintiffs, Dwayne Gue, Cristy Toriseva, Mountaineer Foods, LLC ("Mountaineer Foods") and Gue Investments, LLC ("Gue Investments") (collectively, "Plaintiffs"), filed the State Court Action with the Circuit Court of Cabell County. [*See*, Complete Copy of State Court Action, attached hereto as Ex. 1]; [Docket Sheet, attached hereto as Ex. 2.]

2. In the State Court Action, Plaintiffs allege, among other things, that:

    a. "Plaintiffs purchased an insurance policy from Nationwide to cover their business."

    b. "When the polic[ies] w[ere] issued, Nationwide knew, or should have known, that the insurance policy was being issued to cover plaintiffs' businesses from fire."

    c. "Plaintiffs' businesses were destroyed by fire on Jan. 23, 2019."

    d. "After the policy was in place, Plaintiffs' [sic] suffered a loss. Nationwide has continued to avoid full payment on the claim."

    e. "Plaintiffs purchased an insurance policy from Nationwide to cover their business."

[Ex. 1, Compl. at ¶¶ 7-10.]

3. Based on the above alleged conduct, Plaintiffs allege five (5) causes of action: (i) breach of contract (Nationwide); (ii) violations under the West Virginia Unfair Trade Practices Act ("UTPA") (Nationwide); (iii) common law bad faith (Nationwide); (iv) various negligent counts (Nationwide and Mr. Cohen); and (v) negligent investigation (Nationwide and Cohen). [Ex. 1, Compl. at ¶¶ 14-51.]

---

[1] As of the filing of this Notice of Removal, Plaintiffs have not effectuated service on Stephen Cohen ("Mr. Cohen"). If or when Plaintiffs ever serve Mr. Cohen with the Complaint, counsel will defend Mr. Cohen, along with Nationwide.

4. Based on these causes of action, Plaintiffs request, among other things, damages for the "benefits due under the insurance polic[ies][,]" "aggravation, mental anguish, humiliation, embarrassment, emotional distress, and inconvenience[,]" attorneys' fees, "refund of the insurance premiums[,]" and punitive damages.  [Ex. 1, Compl. at ¶¶ 20, 30, 37, 44 and 51.]

## Procedural History

5. 28 U.S.C. § 1446 requires Nationwide to remove this civil action within thirty (30) days of receipt of the summons and complaint.  However,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).

6. On January 20, 2021, the West Virginia Secretary of State accepted service of Plaintiffs' Summons and Complaint on behalf of Nationwide.  [*See*, Nationwide Service Information, attached hereto as Ex. 3.]

7. Nationwide timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446.  *See* 28 U.S.C. § 1446(b)(2)(B).

## Diversity Jurisdiction

8. 28 U.S.C. § 1441 allows Nationwide to remove a civil action from state court to federal court if: (i) the amount in controversy meets or exceeds Seventy-Five Thousand Dollars ($75,000.00) and (ii) the civil action involves a controversy between citizens of different states.  28 U.S.C. § 1441.

## Citizenship

9. To establish diversity jurisdiction, Nationwide must prove diversity of citizenship in order to remove the State Court Action. 28 U.S.C. §§ 1332(a)(1); 1441.

10. At the time Plaintiffs filed their Complaint, Plaintiffs alleged that Plaintiffs "were and are residents of the State of West Virginia, Cabell County." [Ex. 1, Compl. at ¶ 1.]

11. Plaintiff Gue Investments is a West Virginia limited liability company, with its sole member residing in West Virginia. [*See*, Gue Investments Secretary of State Information, attached hereto as Ex. 4.]

12. Plaintiff Mountaineer Foods is a West Virginia limited liability company, with its sole member residing in West Virginia. [*See*, Mountaineer Foods Secretary of State Information, attached hereto as Ex. 5.]

13. Conversely, Defendant Nationwide is an Ohio company, with its principal place of business in Iowa. [*See*, Nationwide Secretary of State Information, attached hereto as Ex. 6.]

14. Despite the allegations in the Complaint, Defendant Mr. Cohen is a resident of Tennessee.[2] [*See*, Cohen Aff., attached hereto as Ex. 7.]

15. Consequently, complete diversity exists under 28 U.S.C. §§ 1332(a)(1) and 1441.

## Amount in Controversy

16. In addition to establishing diversity of citizenship, Nationwide must also establish, by a preponderance of the evidence, that the "the sum demanded in good faith in the

---

[2] As stated *supra*, Plaintiffs have not yet effectuated service on Mr. Cohen. Regardless, even if Plaintiffs served Mr. Cohen with process prior to this notice, complete diversity still exists.

initial pleading" meets or exceeds the jurisdictional threshold of Seventy-Five Thousand Dollars ($75,000.00). 28 U.S.C. § 1446(c)(2); *see Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

17. In their Complaint, Plaintiffs allege that "Nationwide wrongly and intentionally delayed, denied, and mishandled Plaintiffs' claims. It has required multiple forms to be accepted for the same claim, failed to pay plaintiffs' benefits available and required plaintiffs to get multiple estimates for the same damage . . . ." [Ex. 1, Compl. at ¶ 11.]

18. Gue Investment's policy provides, among other things, building replacement coverage up to Nine Hundred Sixty-Eight Thousand Five Hundred Dollars ($968,500.00). [*See*, Gue Investments Property Declarations, attached hereto as Ex. 8.]

19. Nationwide estimated the replacement cost of the building at Two Hundred Twenty Thousand Eight Hundred Fifty-Six Dollars and fifty-four cents ($220,856.54). [*See*, Nationwide Estimate, attached hereto as Ex. 9.]

20. Gue Investment disputed this estimate and believes the damage caused its building to suffer a total loss. [*See*, Oct. 17, 2019, Email from Gue to Cohen, attached hereto as Ex. 10.]

21. Mountaineer Foods's policy provides, among other things, replacement cost for business personal property up to Two Hundred Thousand Dollars ($200,000.00), along with business income. [*See*, Mountaineer Foods Property Declarations, attached hereto as Ex. 11.]

22. Mountaineer Foods disputes Nationwide's valuation of its business property.

23. Plaintiffs request a return of their policy premiums. Gue Investments paid a premium of $9,794.58 for its policy with Nationwide. [Ex. 8.] Likewise, Mountaineer Foods paid a premium of $4,031.05 for its policy with Nationwide. [Ex. 11.]

24. Plaintiffs request an award of attorneys' fees under *Hayseeds v. State Farm & Casualty Company*, 352 S.E.2d 73 (W. Va. 1986). [Ex. 1, Compl. at ¶ 20.] In the event Plaintiffs substantially prevail on their claim, this Court could award one-third (1/3) of the policy amount in dispute. *See Bailey v. Bradford*, 12 F. Supp. 3d 826, 835-36 (S.D. W. Va. 2014) (awarding plaintiff *Hayseeds* attorneys' fees of one-third (1/3) of the policy amount in dispute); *see also Marshall v. Saseen*, 450 S.E.2d 791, 797 (W. Va. 1994) (awarding *Hayseeds* damages because insured substantially prevailed by showing the existence of both coverage and damages related to the accident). On the alleged building claim alone ($747,643.46), a one-third (1/3) award of attorney fees exceeds the jurisdictional limits for diversity jurisdiction.

25. Finally, in evaluating the amount in controversy, this Court may consider a request for punitive damages. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994) (finding an award of punitive damages in excess of $10,000.00 reasonable considering plaintiff's claims for violation of the UTPA for purposes of determining whether diversity jurisdiction existed); *see also Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000) (noting, in considering whether Complaint alleges sufficient amount in controversy, "[t]his Court has previously found that a request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery."); *Bryant v. Wal-Mart Stores, E.*, 117 F. Supp. 2d 555, 556 (S.D. W. Va. 2000).

26. West Virginia Code § 55-7-29(c) allows a plaintiff to recover "the greater of four times the amount of compensatory damages or $500,000, whichever is greater." W. VA. CODE § 55-7-29(c) (2015).

27. Plaintiffs request punitive damages in their Complaint. [Ex. 1, Compl. at ¶¶ 20, 30, 37, 44 and 51.]

28. No question exists that the amount in controversy exceeds the jurisdictional threshold of 28 U.S.C. §§ 1332, 1441.

## Compliance with 28 U.S.C. § 1446

29. Nationwide will provide written notice of the filing of this *Notice of Removal* to Plaintiffs promptly after filing the same, as required by 28 U.S.C. § 1446.

30. All Defendants join in this Notice of Removal.[3]

31. Nationwide will file a true and correct copy of this *Notice of Removal* with the Circuit Court of Cabell County, West Virginia, as required by 28 U.S.C. § 1446.

32. This *Notice of Removal* is signed pursuant to 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Nationwide respectfully prays that the entire action be removed from the Circuit Court of Cabell County, West Virginia, to the United States for the Southern District of West Virginia, as provided by law.

---

[3] As stated *supra*, Mr. Cohen has not been served yet. If or when he is served with process, and to the extent necessary, Mr. Cohen intends to join Nationwide's notice of removal and will be represented by counsel.

Dated this 18th day of February 2021.

                                        NATIONWIDE INSURANCE COMPANY OF AMERICA
                                        By Counsel

/s/ Patrick C. Timony
Ronda L. Harvey (WVSB # 6326)
Patrick C. Timony (WVSB # 11717)
Anne Wilson Hadley (WVSB # 13889)
Bowles Rice LLP
Post Office Box 1386
Charleston, West Virginia  25325-1386
(304) 347-1752
ptimony@bowlesrice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

DWAYNE GUE, and,
CHRISTY TORISEVA, individually, brother
and sister, DWAYNE GUE, as owner
of GUE INVESTMENTS, LLC,
CHRISTY TORISEVA, as owner of
MOUNTAINEER FOODS, LLC,
MOUNTAINEER FOODS, LLC, and
GUE INVESTMENTS, LLC,

        Plaintiffs,

v.                                        CIVIL ACTION NO. _____
                                          (Removed from Circuit Court of Cabell County
                                          Civil Action No. 21-C-24)

NATIONWIDE INSURANCE COMPANY OF AMERICA,
and STEPHEN COHEN,

        Defendants.

## Certificate of Service

I hereby certify that on **February 18, 2021**, I electronically filed the *Notice of Removal* with the Clerk of the Court using the CM/ECF system. The undersigned further certifies that on this date he served a true copy of the foregoing upon counsel for Plaintiffs by depositing the same in the United States Mail, postage prepaid, addressed to:

        D. Adrian Hoosier, II, Esq.
        Hoosier Law Firm, PLLC
        213 Hale Street, Suite 100
        Charleston, West Virginia 25301

        /s/ Patrick C. Timony
        Patrick C. Timony (WVSB # 11717)

12485547.1