L004535991

$7.00
US POSTAGE
FIRST-CLASS
062S0011650154
FROM 25311

$7.00
US POSTAGE
FIRST-CLASS
062S0011650154
FROM 25311

EXHIBIT
1

Nationwide Property & Casualty Insurance Company
Attention: Stephen Cohen
Post Office Box 182048
Columbus, Ohio 43218-2048

HOOSIER
LAW FIRM, PLLC
213 Hale Street, Suite 100
Charleston, WV 25301

CERTIFIED MAIL

7019 2280 0000 1495 1102

379984-6T

L00453599132012421

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

DWAYNE GUE, AND,
CHRISTY TORISEVA, INDIVIDUALLY, BROTHER
AND SISTER, DWAYNE GUE, AS OWNER
OF GUE INVESTMENTS, LLC,
CHRISTY TORISEVA AS OWNER OF
MOUNTAINEER FOODS, LLC,
MOUNTAINEER FOODS, LLC, AND
GUE INVESTIMENTS, LLC,

     **Plaintiffs,**

v.             Civil Action Number: 21-C- 24
              Judge:

              /s/ ALFRED E. FERGUSON
NATIONWIDE INSURANCE COMPANY OF AMERICA
And STEPHEN COHEN

     **Defendants.**

## SUMMONS

TO: **Nationwide Property & Casualty Insurance Company**
   **Attention: Stephen Cohen**
   **Post Office Box 182068**
   **Columbus, Ohio 43218-2068**

IN THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **D.**

**Adrian Hoosier, II, Plaintiff's Attorney,** whose address is **213 Hale Street, Suite 100, Charleston, West**

**Virginia 25301,** an Answer, including any related Counter Claim you may have, to the Complaint filed

against you in the above styled civil action, a true copy of which is herewith delivered to you. You are

required to serve your Answer within thirty (30) days after service of this Summons upon you, exclusive

of the day of service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the Complaint and you will be thereafter barred for asserting in another action any claim you

may have which must be asserted by counterclaim in the above- styled civil action.

JAN 15 2021

Dated: _____



        Circuit Clerk

L00453599133012421

## IN THE CIRCUIT COURT OF _____ CABELL _____ COUNTY, WEST VIRGINIA

### CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | **Case No.** 21-C- 54 |
| Dwayne Gue, et al. | **Judge:** /s/ ALFRED E. FERGUSON |
| | **Plaintiff's Phone:** |

**vs.**

**Defendant(s)**

Nationwide Insurance Company of America
Name

209 West Washington Street
Street Address

Charleston, West Virginia  25302
City, State, Zip Code

**Days to Answer** 30

**Type of Service** Secretary of State

**Defendant's Phone:**

*FILED 2021 JAN 15 AM 10: 48  JEFFREY E. HOOD  CIRCUIT CLERK  CABELL CO. WV*

**II. TYPE OF CASE:**

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [x] Yes  [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 02 / 2022

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [x] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

| | |
|---|---|
| Attorney Name:  D. Adrian Hoosier, II | Representing: |
| Firm: Hoosier Law Firm, PLLC | [x] Plaintiff   [ ] Defendant |
| Address:  213 Hale Street, Suite 100, Charleston, West Virginia  25301 | [ ] Cross-Defendant  [ ] Cross-Complainant |
| Telephone: 681-215-0642; 304-767-9482; 304-687-6733 | [ ] 3rd-Party Plaintiff  [ ] 3rd-Party Defendant |

[ ] **Proceeding Without an Attorney**

Original and  3  copies of complaint enclosed/attached.

Dated:  1 / 13 / 2021  Signature: _____

**SCA-C-100:** Civil Case Information Statement (Other than Domestic Relations)          Revision Date: 4/2020

L00453599134012421

**Plaintiff:** Dwayne Gue _____ , *et al*    **Case Number:** 21-C- 24

**vs.**

**Defendant:** Nationwide Insurance Company of America _____ , *et al*

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Stephen Cohen
_____
Defendant's Name

Post Office Box 182068
_____
Street Address

Columbus, Ohio  43218-2068
_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer:  30 _____

Type of Service: Personal Service _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**SCA-C-100:  Civil Case Information Statement-Defendant(s) Continuation Page**      Revision Date:  4/2020

L0045359913501242T

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

**DWAYNE GUE, AND,**
**CHRISTY TORISEVA, INDIVIDUALLY, BROTHER**
**AND SISTER, DWAYNE GUE, AS OWNER**
**OF GUE INVESTMENTS, LLC,**
**CHRISTY TORISEVA AS OWNER OF**
**MOUNTAINEER FOODS, LLC,**
**MOUNTAINEER FOODS, LLC, AND**
**GUE INVESTMENTS, LLC,**

                    **Plaintiffs,**

**v.**                                             **Civil Action Number:  21-C- 24**
                                                   **Judge:**

                                                   /s/ ALFRED E. FERGUSON

**NATIONWIDE INSURANCE COMPANY OF AMERICA**
**And STEPHEN COHEN,**

                    **Defendants.**

### COMPLAINT FOR DAMAGES

NOW COMES the Plaintiffs, by counsel, D. Adrian Hoosier, II, and for causes of action herein, state as follows:

### JURISDICTION AND VENUE

1.      At all times herein, the Plaintiffs listed in the style of the case were and are residents of the State of West Virginia, Cabell County.

2.      The Defendant, Nationwide Insurance Company (hereinafter referred to as "Nationwide"), is a foreign corporation, licensed to do business in the State of West Virginia.

3.      The Defendant, Stephen Cohen (hereinafter sometimes referred to as "Cohen" or "claims adjuster"), is a resident of the State of West Virginia who was involved in adjusting of the claim, decision making, training, hiring or was otherwise involved in any way concerning the allegations herein. Claims herein arose in the State of West Virginia. Cohen is an employee of Nationwide.

1

L0045359913601242 1

4.      Venue is appropriate pursuant to <u>W. Va. Code</u> § 56-1-1 and <u>W. Va. Code</u> § 14-2-2.

5.      Jurisdiction is appropriate pursuant to <u>W. Va. Code</u> § 51-2-2, as the amount in controversy exceeds the jurisdictional limits.

## <u>GENERAL CHARGE</u>

6.      The Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through five (5) as if fully set forth herein.

7.      Plaintiffs purchased an insurance policy from Nationwide to cover their business. The policy was issued by Nationwide. Nationwide was assigned the claim for damages to plaintiffs' business which was covered by the policy and issued by Nationwide. Nationwide and Cohen were required to follow West Virginia Law in handling the claim. Cohen was the adjuster for Nationwide on the claims.

8.      The insurance policy number is known to the Defendants (multiple policies).  The claim number is known to defendants (multiple claims).

9.      When the policy was issued, Nationwide knew, or should have known, that the insurance policy was being issued to cover plaintiffs' businesses from fire. Plaintiffs' businesses were destroyed by fire on Jan. 23, 2019.

10.      After the policy was in place, Plaintiffs' suffered a loss. Nationwide has continued to avoid full payment on the claim.

11.      Nationwide wrongly and intentionally delayed, denied, and mishandled Plaintiffs' claim. It has required multiple forms to be accepted for the same claim, failed to pay plaintiffs' benefits available and required plaintiffs to get multiple estimates for the same damage which is a violation of the policy, WV Insurance Regulations, common law of the State of West Virginia, and amounts to statutory Bad Faith.

2

L00453599137012421

12.     Nationwide delayed coverage for plaintiffs' claim.  Plaintiffs were denied benefits of the policy, were misled by Nationwide as to coverage, and were otherwise provided with misrepresentations by Nationwide.  Specifically, plaintiffs were told that their premium would provide business coverage from the type of damage incurred.

13.     Nationwide violated West Virginia statutory and common law in reviewing Plaintiffs' claim and offering an unfair/delayed settlement to Plaintiffs and or outright denial of coverage, breached the contract, breached plaintiff's reasonable expectations, misrepresented the plaintiff, and otherwise acted in bad faith as set forth above and below.

## COUNT I

## BREACH OF CONTRACT

14.     The Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through thirteen (13) as if fully set forth herein.

15.     Nationwide has breached the contract that it entered into with the Plaintiffs.

16.     Nationwide breached the contract it entered into with the Plaintiffs by not properly paying legitimate claims and/or by failing to properly review the claim, among others things; such as, but not limited to, failing to provide plaintiffs benefits due under the policy in a timely manner, by delaying payment on a claim for an unreasonable amount of time, failing to provide a refund, making misrepresentations, breaching the reasonable expectations of the plaintiff, violating W.Va. Code § 33-11-1 et. seq., violating W.Va. Code of State Regulations §114-14-1 et. seq., and failing to make a payment based on all reasonable information available.  Nationwide further breached by failing to inform plaintiffs of coverage/insurance benefits under the ensuing damage clause to the policy at issue.  Cohen failed to return voice mails left for him by Plaintiff or Plaintiffs for over 15 days, Nationwide and Cohen have

3

L00453599138012421

misrepresented payments made to Plaintiffs and otherwise failed to make payment of a valid claim.

17.     Nationwide has acted with actual malice in breaching the contract with the plaintiffs.

18.     The Plaintiffs have been forced to sue to recover the benefits under the insurance contract as a result of Nationwide's failure to pay the appropriate amounts due under the contract, and other contractual breaches as set forth in paragraphs above, and throughout this complaint.

19.     As a direct and proximate result of the Nationwide's breach of the contract, the Plaintiffs have suffered extreme aggravation, emotional distress, pain and suffering, mental anguish, humiliation, embarrassment, economic loss, inconvenience, attorney's fees, costs, and expenses.

20.     Wherefore, the Plaintiffs demand judgment against Nationwide as follows;

    a)    the Court enforce the contract in question to provide the plaintiffs benefits due under the insurance policy;

    b)    payment for aggravation, mental anguish, humiliation, embarrassment, emotional distress, and inconvenience;

    c)    damages for fees and costs incurred in this case;

    d)    an award of just and equitable attorney's fees and pre-judgment and post-judgment interest;

    e)    all applicable damages pursuant to Hayseed v. State Farm Fire and Cas., 177 W. Va. 323, 352 S. E. 2d 73 (1986) and,

    f)    attorney's fees at $350.00/hour. Richardson v. Kentucky Nat. Ins.Co., 607 S.E.2d 793 (W.Va., 2004), Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (he starting point for determining the amount of reasonable attorney's fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,"

4

L0045359913901242T

or the "lodestar"), <u>McGee v. Cole</u>, 115 F. Supp. 3d 765 (S.D. W. Va., 2015) (incorporating three step method).

**COUNT II**

**UNFAIR CLAIMS PRACTICES ACT AND INSURANCE REGULATIONS**

21.    The Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through twenty (20) as if fully set forth herein.

22.    The Unfair Trade Practices Act of West Virginia, <u>W. Va. Code</u> § 33-11-1 <u>et seq.</u>, and more specifically, the Unfair Claims Settlement Practices Act, <u>W. Va. Code</u> § 33-11-4, sets out certain prohibitive conduct that insurance companies doing business in the state of West Virginia are required to refrain from.

23.    Nationwide violated the West Virginia Unfair Trade Practices Act in the handling of the Plaintiffs' claim for loss.  Nationwide violated the WVUTPA by delaying claims handling, by failing to conduct a proper investigation based on all available information, by requiring plaintiffs to submit the same information multiple times, by failing to timely respond to plaintiffs' requests, by failing to make a reasonable offer to plaintiffs, by misrepresenting coverage, failure to consider the reasonable expectations created by Nationwide (Nationwide violated the act and/or regulation with such frequency as to result in a continuing/ongoing/general business practice) (see also, Paragraph 16). In the past 11 months Nationwide has also violated the following:

a)    §33-11-4 - The following are defined as unfair methods of competition and unfair or deceptive acts or practices in the business of insurance:

1.    (1) Misrepresentation and false advertising of insurance policies. -- No person shall make, issue, circulate, or cause to be made, issued or circulated, any estimate, circular,

L00453599140012421

statement, sales presentation, omission or comparison which:

(a) Misrepresents the benefits, advantages, conditions or terms of any insurance policy (defendants violated this subsection by leading plaintiffs to believe their damages would be covered timely, breaching promises made in the contract, and/or shoppers guide, and/or marketing materials);

(2) False information and advertising generally. -- No person shall make, publish, disseminate, circulate or place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated or placed before the public, in a newspaper, magazine or other publication, or in the form of a notice, circular, pamphlet, letter or poster or over any radio or television station, or in any other way, an advertisement, announcement or statement containing any assertion, representation or statement with respect to the business of insurance or with respect to any person in the conduct of his or her insurance business, which is untrue, deceptive or misleading (contract, shoppers guide's, representations from Nationwide/Cohen, and marketing materials – and – by failing to provide payment for contents of the business, failing to make proper rent payments, failing

6

L00453599141012421

to make proper payments under business loss, and failing to make repairs).

**(9) Unfair claim settlement practices**. -- No person shall commit or perform with such frequency as to indicate a general (plaintiffs do allege continuing/ongoing/general business practice – namely Nationwide's violations amount to continuing, ongoing or general business practice as Defendants have had almost two years to provide resolution and have ignored communications in the past year, and refused to make a legitimate offer to cover the loss) business practice any of the following:

(a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

(b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies (lack of communication);

(c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(d) Refusing to pay claims without conducting a reasonable investigation based upon all available information (received report of expert);

7

L00453599142012421

(e) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed (to date full payment not made);

(f) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear (repair costs still not paid);

(g) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered;

(h) Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

(j) Making claims payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which payments are being made;

(l) Delaying the investigation or payment of claims by requiring an insured, claimant, or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both

8

L00453599143012421

of which submissions contain substantially the same information;

(m) Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

(n) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

(10) Failure to maintain complaint handling procedures. -- No insurer shall fail to maintain a complete record of all the complaints which it has received since the date of its last examination under section nine, article two of this chapter. This record shall indicate the total number of complaints, their classification by line of insurance, the nature of each complaint, the disposition of these complaints, and the time it took to process each complaint. For purposes of this subsection, "complaint" shall mean any written communication primarily expressing a grievance; and,

(11) Misrepresentation in insurance applications. -- No person shall make false or fraudulent statements or representations on or relative to an application for an

9

L00453599144012421

insurance policy, for the purpose of obtaining a fee, commission, money or other benefit from any insurer, agent, broker or individual.

And violation of §114-14-8. Training and Certification – States, [w]ithin ninety (90) days of the effective date of this rule, every insurer shall adopt and communicate to all its claims agents written standards for the prompt investigation and processing of claims. Nationwide further breached by failing to inform plaintiffs of coverage/insurance benefits under the ensuing damage clause to the policy at issue. *Id.*

24. The Defendants, in violation of the Unfair Claims Settlement Practices Act, acted with actual malice (See Paragraph 16 and 23 (including subparts)).

25. Nationwide ('s) violations of the Unfair Trade Practices Act have occurred with such frequency as to amount to general business practice (See Paragraph 16 and 23 (including subparts)).

26. The Plaintiffs have completed and performed all conditions of the contract on their part to be performed See Paragraph 16 and 23 (including subparts)).

27. The Plaintiffs have been forced to sue to recover the benefits under the policy due to Nationwide's failure to honor the insurance contract. (See Paragraph 16 and 23 (including subparts)).

28. Nationwide, upon information and belief, individually and through their agents, violated various provisions of the West Virginia Code of State

10

L00453599145012421

Regulations as they relate to the settling of insurance claims and/or handling of insurance. (See Paragraph 16 and 23 (including subparts)).

29.     As a direct and proximate result of the defendant's violation of the Unfair Trade Practices Act and various insurance regulations, the plaintiffs have suffered extreme aggravation, emotional distress, pain and suffering, mental anguish, embarrassment, economic loss, inconvenience, attorney's fees, costs, and expense, plaintiffs' credit has been harmed.

30.     Wherefore, the Plaintiffs, demand judgment against the defendants as follows:

a)     the Court enforce the contract in question to provide the Plaintiff insurance benefits due pursuant to the policy;

b)     payment for aggravation, mental anguish, humiliation, embarrassment, emotional distress, and inconvenience;

c)     damages for fees and costs incurred in this case;

d)     an award of just and equitable attorney's fees and pre-judgment and post-judgment interest;

e)     punitive damages; and

f)     all applicable damages pursuant to Jenkins v. J.C. Penney Cas. Ins. Co. 167 W. Va. 597, 208 S.E. 2d 252 (1981).

11

L00453599146012421

## COUNT III

## COMMON LAW BAD FAITH

31.    The Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through thirty (30) as if fully set forth herein.

32.    Nationwide acted with actual malice in denying the Plaintiffs the full benefits of the contract and violated the covenant of good faith and fair dealing implied in every contract. See Paragraph 16 and 23 (including subparts).

33.    The acts of Nationwide were done intentionally, maliciously, and with a total disregard to the rights of the Plaintiffs, and such actions amount to first party "bad faith" on the part of Nationwide. See Paragraph 16 and 23 (including subparts).

34.    The Defendants breached the duty of good faith and fair dealing by placing their interests above that of their insured.  Nationwide violated this doctrine by delaying claims handling, by failing to conduct a proper investigation based on all available information, by requiring plaintiffs to pay multiple deductibles for the same claim, failure to consider the reasonable expectations created by Nationwide, by failing to timely respond to plaintiff's requests, and by failing to make a reasonable offer to plaintiffs. Nationwide further breached the duty of good faith by failing to inform plaintiffs of coverage/insurance benefits under the ensuing damage clause to the policy at issue.   See Paragraph 16 and 23 (including subparts).

35.    Nationwide breached the duty of good faith and fair dealing for denying the Plaintiffs benefits despite the fact that it is obvious that Plaintiffs were entitled to said benefits. See Paragraph 16 and 23 (including subparts).

36.    As a direct and proximate result of Nationwide's breach of the implied duty of good faith and fair dealing, the Plaintiffs have suffered extreme aggravation, emotional distress, pain and suffering, mental anguish, embarrassment, economic loss, inconvenience, attorney's fees, costs, and expenses.

L00453599147012421

37.     Wherefore, the Plaintiffs, demand judgment against the defendants as follows:

a)      the Court enforce the contract in question to provide the plaintiffs insurance benefits due pursuant to the policy;

b)      payment for aggravation, mental anguish, humiliation, embarrassment, emotional distress, and inconvenience;

c)      damages for fees and costs incurred in this case;

d)      an award of just and equitable attorney's fees and pre-judgment and post-judgment interest;

e)      punitive damages; and

f)      all applicable damages pursuant to <u>Jenkins v. JcPenney Cas. Ins. Co.</u> 167 W. Va. 597, 208 S.E. 2d 252 (1981).

## COUNT IV – NEGLIGENT HIRING/RETENTION, NEGLIGENT TRAINING, NEGLIGENT SUPERVISION, GENERAL NEGLIGENCE (COHEN)

38.     The Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39.     Nationwide owed the Plaintiff a duty to hire, retain, and train individuals who know about the claims handling procedures in the State of West Virginia.

40.     Nationwide breached their duty to Plaintiffs by failing to hire, retain, and train its insurance adjusters and managers on West Virginia claim adjusting standards.

41.     Nationwide knew, should have known, or should have undertaken an investigation to determine the Plaintiffs' insurance needs and the interpretation of the

insurance policy. Nationwide failed to properly hire, retain and train competent claims adjusters and claims adjusters' manager(s).

42.     Nationwide breached its duty of cate to the Plaintiffs by failing to hire (Plaintiffs claim negligent hiring/retention herein of Cohen and or other adjusters), retain (Plaintiffs claim negligent retention of Cohen and or other adjusters), and train (Plaintiffs claim Nationwide was negligent in training Cohen and other adjusters on the claims handling procedures in the State of West Virginia) competent insurance adjusters, and/or failed to have enough insurance adjusters to property investigate plaintiffs' claims. Likewise, Cohen as the adjuster of these claims owed to Plaintiffs of duty of care to properly investigate the claims and make payment per the contract, Cohen breached his duty by failing to complete a proper investigation, failing to investigate, failing to return calls, failing to authorize payments, and was otherwise negligent.  Cohen's negligence caused Plaintiffs' harm.  Plaintiffs have been harmed and have actual damages.

43.     As a direct and proximate result of the Nationwide's failure to hire a competent claims adjuster, retain a competent claims adjuster and/or train a competent claims adjuster, plaintiffs have been harmed. The Plaintiffs have suffered financial damages, extreme aggravation, emotional distress, pain and suffering, mental anguish, embarrassment, economic loss, inconvenience, attorney's fees, costs, and expenses. Specifically, Nationwide and/or agents of Nationwide were the duly appointed agents of Nationwide acting with the scope and authority of Nationwide when the reasonable expectation of insurance coverage was communicated, the reasonable expectations were breached by the negligence in selling of the policy by Nationwide.

44.     Wherefore, the Plaintiffs, demands judgment against Nationwide as follows:

14

L00453599149012421

a)      damages for aggravation, mental anguish, humiliation, embarrassment, and inconvenience;

b)      punitive damages in an amount to be determined by a jury;

c)      refund of the insurance premiums;

d)      damages for fees and costs incurred in this case;

e)      damages for attorney's fees; and,

f)      pre-judgment and post-judgment interest.

Wherefore, the Plaintiff(s), respectfully demand(s) judgment against these defendants as set forth above, as well as any and all other damages or relief to which the plaintiff is entitled.

## COUNT V

## NEGLIGENCE – INVESTIGATION-COHEN & NATIONWIDE

45.    The Plaintiffs restate and incorporate by reference the allegations contained in paragraphs one (1) through forty-four (44) as if fully set forth herein.

46.    Nationwide and Cohen owed the Plaintiffs a duty by providing a fair determination of coverage and damages to Plaintiffs.

47.    Nationwide and Cohen breached their duty to provide a fair determination of coverage and damages to Plaintiffs by allowing unlicensed  or untrained adjusters to adjust the claim, allowing unlicensed agents to sell the insurance, allowing unlicensed  or untrained adjusters to make coverage decisions, allowing untrained or unlicensed adjusters to make coverage decisions, allowing untrained or unlicensed adjusters to make determinations of coverage that required a specialty or special knowledge, allowing untrained or unlicensed adjusters to make coverage decisions without a policy or handbook, failing to train adjusters on West Virginia claims handling procedure, failing to implement standards for the fair and prompt adjustment of claims, failing to send an agent to the location of the loss timely, failing to have printed or digital guidelines, policies, procedures, or handbooks to

15

assist in the adjustment of claims, failing to find coverage for the insured, failing communicate with insured in a manner in which actually informed the insured of the claim process, defendant also implemented automated processes to "save-face" and attempted to meet the requirements of West Virginia common law, statutory law, and insurance regulations by allowing software or other digital/computer programs to automatically generate letters to the insured that didn't contain any information that actually informed the insured of the claim process and were "boiler-plate" letters that were automatically sent to a claimant, negligent in failing to inform plaintiffs on ensuing damage provisions which would have provided coverage, and defendant were in other ways negligent.

48.     The breach of duty as aforesaid did cause harm to plaintiffs and did cause Defendant to violate West Virginia common law, statutory law, and insurance regulations.

49.     Upon information and belief, Nationwide breached its duty aforesaid willfully, maliciously, and with a total disregard to the rights and privileges of the Plaintiff.

50.     As a direct and proximate result of the Nationwide's breaches as aforesaid, the Plaintiffs have suffered financial damages, extreme aggravation, emotional distress, pain and suffering, mental anguish, embarrassment, economic loss, inconvenience, attorney's fees, costs, and expenses.

51.     Wherefore, the Plaintiffs, demand judgment against Nationwide as follows:

    a)     damages for aggravation, mental anguish, humiliation, embarrassment, and inconvenience;

    b)     punitive damages in an amount to be determined by a jury;

    c)     refund of the insurance premiums;

16

L0045399151012421

    d)      damages for fees and costs incurred in this case;

    e)      damages for attorney's fees; and,

    f)      pre-judgment and post-judgment interest.

Wherefore, the Plaintiffs, respectfully demand judgment against these defendants as set forth above, as well as any and all other damages or relief to which the plaintiffs are entitled.

WHEREFORE, the Plaintiffs, **demand a trial by jury on all issues.**

**DWAYNE GUE, AND,**
**CHRISTY TORISEVA, INDIVIDUALLY, BROTHER**
**AND SISTER, DWAYNE GUE, AS OWNER**
**OF GUE INVESTMENTS, LLC,**
**CHRISTY TORISEVA AS OWNER OF**
**MOUNTAINEER FOODS, LLC,**
**MOUNTAINEER FOODS, LLC, AND**
**GUE INVESTIMENTS, LLC,**

                                      **PLAINTIFFS,**
                                        By Counsel:

D. Adrian Hoosier, II
West Virginia State Bar Number:  10013
Hoosier Law Firm, PLLC
213 Hale Street, Suite 100
Charleston, West Virginia  25301
T: 681-215-0642
F: 681-245-6192
Mobile: 304-767-9482
adrian@hlfwv.com
Please always copy debra@hlfwv.com