IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DWAYNE GUE and
CHRISTY TORISEVA, individually,
brother and sister,
DWAYNE GUE, as owner of
GUE INVESTMENTS, LLC,
CHRISTY TORISEVA, as owner of
MOUNTAINEER FOODS, LLC,
MOUNTAINEER FOODS, LLC, and
GUE INVESTMENTS, LLC,

                Plaintiffs,

v.                                  CIVIL ACTION NO.   3:21-0123

NATIONWIDE INSURANCE
COMPANY OF AMERICA and
STEPHEN COHEN,

                Defendants.

**MEMORANDUM OPIINION AND ORDER**

Pending before the Court is a Motion to Dismiss Certain Claims in Plaintiff's Complaint (ECF No. 4) by Defendant Nationwide Insurance Company of America (Nationwide). Plaintiffs Dwayne Gue, Christy Toriseva, Gue Investments, LLC., and Mountaineer Foods, LLC oppose the motion. For the following reasons, the Court **GRANTS, IN PART,** and **DENIES, IN PART,** Nationwide's motion.

In their Complaint, Plaintiffs allege they purchased insurance policies for their related businesses from Nationwide. Mr. Gue and Gue Investments had a business policy for property rented to Mountaineer Foods. Mountaineer Foods operated a Tudor's Biscuit World at

the location and purchased a separate business policy. On January 23, 2019, a fire destroyed the property, and Plaintiffs filed claims for coverage.

In processing the claims, Plaintiffs assert Nationwide "intentionally delayed, denied, and mishandled [the] claim," and it acted in bad faith by "requir[ing] multiple forms to be accepted for the same claim, fail[ing] to pay plaintiffs' benefits available and requir[ing] plaintiffs to get multiple estimates for the same damage which is a violation of the policy, WV Insurance Regulations, [and the] common law of the State of West Virginia[.]" *Compl.* ¶11, ECF No. 1-1. Plaintiffs also allege Nationwide made misrepresentations and mislead them about their coverage. Specifically, Plaintiffs contend that they were told their premiums provided coverage for the damages they incurred. *Id*. ¶12. As a result, Plaintiffs brought this action against Nationwide and Stephen Cohen, the claims adjuster. In the Complaint, Plaintiffs allege claims for Breach of Contract (Count I), Unfair Claims Practices Act and Insurance Regulations (Count II), Common Law Bad Faith (Count III), Negligent Hiring/Retention, Negligent Training, Negligent Supervision, General Negligence (Cohen) (Count IV), and Negligence—Investigation—Cohen & Nationwide (Count V). Nationwide now moves to dismiss Mr. Gue and Ms. Toriseva for lack of standing under Rule 12(b)(1) and Counts II and V for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.
STANDARD OF REVIEW**

Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986) (Murnaghan, C.J., concurring). A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. *Id*. If a "facial attack" is made, the court

must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. *Id*. On the other hand, a "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citations omitted). A dismissal only should be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

With regard to a motion under 12(b)(6), courts look for "plausibility" in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)).

The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Additionally, when ruling on a

motion to dismiss, this Court may consider documents attached to the complaint and a motion to dismiss, without converting the motion to one for summary judgment, provided the documents "are integral to the complaint and authentic." *Rockville Cars, LLC v. City of Rockville, Maryland*, 891 F.3d 141, 145 (4th Cir. 2018) (stating "[w]hile considering a 12(b)(6) motion, we may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic" (internal quotation marks and citations omitted)). It is under these principles that the Court must consider Nationwide's motion.

## II.
## DISCUSSION

### A.
### Standing

Nationwide first moves to dismiss both Mr. Gue and Ms. Toriseva for lack of standing. Mr. Gue is the sole member and owner of Gue Investments, and Ms. Toriseva is the sole member and owner of Mountaineer Foods. Nationwide argues that the businesses, Gue Investments and Mountaineer Foods, and not the individual Plaintiffs, purchased the insurance policies and suffered the loss. Thus, Nationwide insists that neither Mr. Gue nor Ms. Toriseva have standing to pursue this action and must be dismissed.

However, as indicated by Plaintiffs, Mr. Gue is expressly listed as a "Named Insured" on the insurance policy together with Gue Investments. *See Premier Businessowners Policy* (issued to Dwayne Gue and Gue Investments), ECF No. 4-1. Therefore, as a named insured, this Court has no difficulty finding Mr. Gue has standing to bring an action. Despite Nationwide's concession in its Reply that Mr. Gue is a named insured, it nevertheless argues Mr. Gue should be dismissed because his claims duplicate those of Gue Investments. The Court finds, however, that

allowing Mr. Gue to remain a party will not result in any significant burden as to discovery and any concerns about duplicitous claims and recovery are better addressed at a later stage of the proceedings. Therefore, the Court **DENIES** Nationwide's motion with respect to Mr. Gue.

Turning next to Ms. Toriseva, she, unlike Mr. Gue, is not listed as an insured on the policy. *See Premier Businessowners Policy* (issued to Mountaineer Foods), ECF No. 4-2. Instead, Mountaineer Foods is the only "Named Insured" listed on the policy. Ordinarily when one elects to operate a business through a corporation, and the corporation is the only named insured listed on the policy, it is the corporation, and not the owner of the corporation, that has standing to bring an action. *See Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 347–48 (4th Cir. 2013) (holding that the plaintiffs' election to do business as a limited liability company (LLC) to protect their personal assets made them agents of the company, and "they gave up standing to claim damages to the LLC, even if they also suffered personal damages as a consequence" (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 477 (2006) (stating "it is fundamental corporation and agency law—indeed, it can be said to be the whole purpose of corporation and agency law—that the shareholder and contracting officer of a corporation has no rights and is exposed to no liability under the corporation's contracts"))). Although Plaintiffs assert Ms. Toriseva's name is listed on "many documents" that will be produced during discovery and she is the intended beneficiary of the policy, the insurance policy at issue only lists Mountaineer Foods as the insured. Therefore, Ms. Toriseva has no standing to bring a claim under that policy. Accordingly, the Court **GRANTS** Nationwide's motion with respect to Ms. Toriseva and **DISMISSES** her from the action.

## B.
## Unfair Trade Practices Act

Nationwide next argues that Plaintiffs have failed to allege a sufficient factual bases to support their claim in Count II under West Virginia's Unfair Trade Practices Act (UTPA), West Virginia Code § 33-11-1 *et seq.* Count II generally can be divided into two categories: first are alleged violations of specific provisions and second is the cumulation of those violations representing a general business practice. To support their allegations, Plaintiffs generally allege that Nationwide violated the Act by delaying the claims, failing to properly investigate the claims, requiring submission of the same information multiple times, failing to make a reasonable offer, misrepresenting coverage, and failing to consider reasonable expectations. *Compl.* ¶23, in part. Plaintiffs then quote portions of the "[u]nfair methods of competition and unfair or deceptive acts or practices" found in West Virginia Code § 33-11-4. After some of the quoted statutory language, Plaintiffs add parenthetical information which presumably describes how Plaintiffs believe Nationwide violated that portion of the quoted statutory language.

With respect to the first category of claims, Plaintiffs assert Defendants "'[m]isrepresent[ed] the benefits, advantages, conditions or terms of'" the policy "by leading [them] to believe their damages would be covered timely, breaching promises made in the contract, and/or shoppers guide, and/or marketing materials." *Compl.* ¶23, in part (quoting, in part, W. Va. Code § 33-11-4(1)(a)). Plaintiffs further allege a violation of the subsection (2) of West Virginia Code § 33-11-4 involving "'[f]alse information and advertising'" by simply parenthetically adding "contract, shoppers guide's [sic], representations from Nationwide/Cohen, and marketing materials—and—by failing to provide payment for contents of the business, failing

to make proper rent payments, failing to make proper payments under business loss, and failing to make repairs." *Id*. (quoting W. Va. Code § 33-11-4(2)).

In considering Nationwide's challenge to the sufficiency of these allegations, the Court is mindful that most causes of action only need contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, claims of fraud must be "state[d] with particularity," Fed.R.Civ.P. 9(b), which includes "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." U.*S. ex rel. Wilson v. Kellogg, Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)) (internal quotation marks omitted)). Additionally, "[r]easonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud, and such reliance must be pleaded with particularity." *Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987) (citations omitted). For claims under West Virginia's UTPA that sound in fraud, this Court has applied the Rule 9(b) standard, rather than the standard under Rule 8, in ruling on a motion to dismiss. *Beattie v. Skyline Corp.*, 906 F. Supp.2d 528, 537 (S.D. W. Va. 2012). Although the Court in *Beattie* acknowledged there are circumstances when it is appropriate to relax this heightened pleading standard because "'the evidence of fraud is within a defendant's exclusive possession,'" it recognized that a plaintiff ordinarily cannot plead fraud in a vague manner. *Id*.[1]

---

[1] Quoting *Moore's Federal Practice and Procedure* § 9.11(1)(b)(i) (2012).

Here, many of Plaintiffs' claims under the UTPA clearly sound in fraud, such as Plaintiffs' reference to misrepresentations made in shoppers guides, marketing materials, and advertising. However, Plaintiffs allege these claims in conclusory fashion without any of the detail necessary to satisfy the particularity requirement under Rule 9(b). If Plaintiffs want to pursue their claims that sound in fraud, they must allege sufficient facts to satisfy the Rule 9(b) standards.[2]

In their Response, Plaintiffs requests that, if the Court finds these allegations inadequate, they be permitted to file a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. Although Nationwide also made an alternative request for a more definite statement under Rule 12(e), the Court finds the best approach is to give Plaintiffs the opportunity to amend the insufficient allegations in their Complaint and attempt to meet the pleading standards. Therefore, the Court shall allow Plaintiffs **until on or before September 2, 2021**, to file an Amended Complaint that conforms with Rule 9(b) for claims that sound in fraud, or otherwise that state a plausible claim in conformance with Rule 8.

Nationwide also argues that Plaintiffs have failed in Count II to allege sufficient facts to support a claim of a general business practice of unfair claims settlement practices. West Virginia Code § 33-11-4(9) prohibits certain acts from being "commit[ted] or perform[ed] with such frequency as to indicate a general business practice[.]" W. Va. Code § 33-11-4(9), in part. A general business practice requires "[m]ore than a single isolated violation of West Virginia Code

---

[2]In fact, some of the claims, such as those in which Plaintiffs merely quote the statute and then simply mention "shoppers guide" and "marketing material" even fail to state a plausible claim of entitlement to relief under Rule 8. As the Supreme Court stated in *Iqbal*, facial plausibility requires a claim contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

§ 33-11-4(9)[.]" Syl. Pt. 3, in part, *Jenkins v. J. C. Penney Cas. Ins. Co.*, 280 S.E.2d 252 (W. Va. 1981).³ When a claim involves a single insurance claim,

> evidence should establish that the conduct in question constitutes more than a single violation of W.Va. code § 33–11–4(9), that the violations arise from separate, discrete acts or omissions in the claim settlement, and that they arise from a habit, custom, usage, or business policy of the insurer, so that, viewing the conduct as a whole, the finder of fact is able to conclude that the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a "general business practice" and can be distinguished by fair minds from an isolated event.

Syl. Pt. 4, *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1 (W. Va. 1996).

With respect to a general business practice, Plaintiffs have alleged multiple violations. For instance, Plaintiffs asset Nationwide has refused to make a legitimate offer to settle the claim, ignored their communications, refused to pay claims after having received an expert report, and failed to pay repair costs since the fire occurred in 2018. Although Nationwide argues it is impossible to discern the separateness of these purported acts, the Court disagrees. The Court finds these allegations are sufficiently discrete violations to plausibly state a claim of a general business practice. Therefore, to the extent Nationwide moves to dismiss Count II for failing to allege a general business practice, the Court **DENIES** its motion.⁴

---

³Overruled on other grounds by *State ex rel. State Farm Fire & Cas. Co. v. Madden*, 451 S.E.2d 721 (W. Va. 1994).

⁴The Court also recognizes that *Dodrill* refers to these criteria applying to "a single insurance claim," and this case involves claims on separate insurance policies by different Plaintiffs. Although there is more than one claim, the Court nevertheless finds the *Dodrill* framework helpful as Plaintiffs have alleged the same violations of West Virginia Code § 33-11-4(9) based upon the related handling of the claims which arose from a single event.

## C.
## Negligent Investigation

Nationwide's last argument is that Plaintiffs' claim for Negligent Investigation in Count V should be dismissed. In Count V, Plaintiffs allege that "Nationwide and Cohen owed the Plaintiffs a duty by providing a fair determination of coverage and damages to Plaintiffs." *Compl.* ¶46. Plaintiffs assert Defendants breached this duty by using unlicensed agents to sell policies and by using unlicensed and untrained adjusters to handle claims. Plaintiffs also complain that Defendants sent them automatically generated boiler-plate letters devoid of actual information regarding the claims. Plaintiffs assert these actions breached common law, statutory law, and insurance regulations.

Nationwide argues, however, that Plaintiffs' allegation that it negligently failed to properly investigate their claims arises solely from the parties' contractual relationship and, therefore, must be dismissed under the "gist of the action" doctrine. The "gist of the action" doctrine is designed to prevent a party from recasting "a contract claim as a tort claim." *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 577 (W. Va. 2013). Under the doctrine, "a party to a contract can prevail on a negligence claim only if he can demonstrate "the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation."" *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976, 981 (4th Cir. 2015) (quoting *Lockhart v. Airco Heating & Cooling, Inc.*, 567 S.E.2d 619, 624 (W. Va. 2002) (internal quotation marks and citation omitted in *Dan Ryan Builders, Inc.*)). A recovery for tort cannot proceed if any of the following is shown: "(1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from

the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim." *Gaddy*, 746 S.E.2d at 577 (citations omitted).

In response, Plaintiffs argue their claim of negligent investigation arises under the statutory duties imposed under the UTPA, not their contracts. Thus, Plaintiffs insist the "gist of the action" doctrine does not apply. However, even if it does apply, Plaintiffs additionally argue they are permitted to allege both tort and contract claims in the alternative. Therefore, Plaintiffs assert the Court should deny Nationwide's motion.

Although there are instances in which a tort claim may arise apart from the parties' contractual relationship, the problem with Plaintiffs' argument in this case is that, but for the existence of the insurance contracts between Nationwide and Plaintiffs, Nationwide would have no obligation under the UTPA to investigate the claims and provide a fair determination of coverage and damages. Nationwide's duty to investigate the claim arises solely from the fact that the parties have a contractual insurance relationship. Without the contract, Nationwide would have no duty to investigate. In other words, Plaintiffs' negligent investigation claim is dependent upon the existence of the contract and, thus, falls within the "gist of the action" doctrine.[5] Therefore, the Court agrees with Nationwide and **GRANTS** its motion to dismiss Count V.

---

[5]Plaintiffs argue, in part, that the claim should not be dismissed because they have no contractual relationship with Defendant Cohen. However, Defendant Cohen has never been served and Nationwide has not filed its motion on his behalf.

## III.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Nationwide's motion to dismiss Dwayne Gue; **GRANTS** the motion to dismiss Christy Toriseva; **DENIES** Nationwide's motion to dismiss Count II and **GRANTS** Plaintiffs **until on or before September 2, 2021**, to file an Amended Complaint as to Count II that conforms with Rule 9(b) for claims that sound in fraud, or otherwise that state a plausible claim in conformance with Rule 8; and **GRANTS** Nationwide's motion to dismiss Count V for negligent investigation.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:      August 12, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE