IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DWAYNE GUE, et al.**

    **Plaintiffs,**

v.                                              **Case No. 3:21-cv-00123**

**NATIONWIDE INSURANCE
COMPANY OF AMERICA et al.,**

    **Defendants.**

**MEMORANDUM OPINION and ORDER**

For the reasons that follow, the Court **DENIES** Plaintiffs' Motion to Reconsider, (ECF No. 42), and **GRANTS** Defendant Nationwide Insurance Company of America's Motion for Reasonable Fees Pursuant to this Court's October 12, 2021 Order, (ECF No. 48). Plaintiffs are hereby **ORDERED** to pay Defendant the sum of **Six Thousand Sixty-Two Dollars and No cents ($6,062.00)** in reimbursement of reasonable attorneys' fees. This payment shall be made in full within **thirty (30) days** of the date of this Order.

I. **Relevant Procedural History**

On September 15, 2021, Defendant filed motions to compel Plaintiffs to respond to discovery, and Defendant sought reimbursement of its attorneys' fees associated with making the motions. (ECF No. 32, 34). Plaintiffs did not oppose the motions to compel. Thus, the undersigned entered an Order on October 12, 2021, which granted the motions and set a briefing schedule regarding Defendant's request for attorneys' fees. (ECF No.

1

41). Plaintiffs filed a "Motion to Reconsider," asking the Court to reconsider its October 12, 2021 Order because they amended their discovery responses. (ECF No. 42). To support their motion, Plaintiffs simply attached a copy of the certificate of service for the supplemental responses dated September 15, 2021. (*Id.* at 2).

Defendant opposes Plaintiff's Motion to Reconsider, stating that Plaintiffs cannot raise the belated argument that they responded to the discovery requests at issue. (ECF No. 47 at 1). Furthermore, Defendant contends that Plaintiffs failed to address most of the deficiencies at issue in the motions to compel, and the amended responses were not filed until after Defendant was forced to seek court intervention. (ECF No. 47 at 2). In reply, Plaintiffs assert that they provided all documents in their possession that they intend to rely upon at trial. (ECF No. 51).

## II. Discussion

### *A. Motion to Reconsider*

A motion asking the Court to revisit a discovery ruling is evaluated under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Blankenship v. Fox News Network, LLC*, No. 2:19-CV-00236, 2021 WL 3706683, at *4 (S.D.W. Va. Aug. 20, 2021); *Rivers v. United States*, No. 6:18-CV-00061, 2020 WL 6021465, at *1–2 (W.D. Va. Oct. 9, 2020); *Bank of Am., N.A. v. Jericho Baptist Church Ministries Inc.*, No. CV PX 15-02953, 2018 WL 5809665, at *1 (D. Md. Nov. 6, 2018).

A motion to reconsider an interlocutory order like a discovery ruling should not be used to rehash arguments that the Court already considered, nor should it, as is the case here, raise new arguments or evidence that could have been raised previously. *Blankenship*, 2021 WL 3706683, at *5 (citations omitted). The extraordinary remedy of reconsideration and modification of a prior ruling is only used to accommodate an intervening change in controlling law, account for new evidence not previously available, correct a clear error of law, or prevent manifest injustice. *Id*. It is an "astronomically high burden." *Id*.

Plaintiffs do not offer any argument to establish any of the foregoing criteria. Plaintiffs assert that the Court should reconsider its ruling compelling discovery because they amended their discovery responses. However, Defendant's motions to compel were filed on September 15, 2021. (ECF No. 32, 34). Plaintiffs had 14 days through September 29, 2021 to respond in opposition to Defendant's motions, and they could have advised the Court that they supplemented discovery, but they declined to do so. L.R. Civ. P. 7.1(a)(7) ("Memoranda and other materials in response to motions shall be filed and served on opposing counsel and unrepresented parties within 14 days from the date of service of the motion."). The supplemental responses are certainly not "new evidence."

Furthermore, Plaintiffs do not assert that a change in law affects the discovery order, that the Court made a legal error, or that the Order results in a manifest injustice to Plaintiffs. In fact, Plaintiffs do not demonstrate that the supplemental responses cure the alleged discovery deficiencies. Plaintiffs state that they provided the documents that they intend to rely on at trial, but they do not directly respond to Defendant's assertion that the discovery requests, which included interrogatories, are unanswered or incomplete. (ECF Nos. 47, 51). A review of the amended responses indicates that

Plaintiffs did not provide amended answers to numerous discovery requests that were the subject of the motions to compel. (ECF Nos. 33, 35, 47-4). Therefore, Plaintiffs do not show a basis to disturb the Court's discovery order. The undersigned **DENIES** Plaintiffs' Motion to Reconsider, (ECF No. 42).

### *B. Motion for Attorney's Fees*

Defendant seeks reimbursement of $6,062.00 in attorneys' fees related to its successful motions to compel. (ECF No. 48). The motion for fees is unopposed. Under Rule 37(a)(5)(A), a party is entitled to "reasonable expenses incurred in making" a successful discovery motion, unless certain exceptions apply:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>   **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>   **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>   **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Plaintiffs have not offered any argument that the Court should deny Defendant's motion or stated that any of the foregoing exceptions apply to this case. Thus, the Court must calculate the award of attorneys' fees, applying a three-step process. *McAfee v. Bozcar,* 738 F.3d 81, 88 (4th Cir 2013) ("The proper calculation of an attorney's fee award involves a three-step process.") First, the court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate."

4

*Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The burden of establishing a reasonable rate and demonstrating that a reasonable number of hours were expended rests with the party seeking attorneys' fees. *McGee v. Cole,* 115 F. Supp. 3d. 765, 771 (S.D.W. Va. 2015) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") enumerated twelve factors to consider when determining a lodestar figure, including the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)).

At the second step of the process, the court must subtract from the lodestar figure "fees for hours spent on unsuccessful claims unrelated to successful ones." *Grissom,* 549 F.3d at 321 (quoting *Johnson v. City of Aiken,* 278 F.3d 333, 337 (4th Cir. 2002)). Once this calculation is completed, the court proceeds to the third step, which consists of the court increasing the step-two figure by "some percentage of the remaining amount, depending on the degree of success enjoyed by the [party seeking fees]." *Johnson,* 278 F.3d at 337. In this case, the Court need not formally proceed to the second and third steps, because the fees are being awarded secondary to discovery motions, rather than

5

as an award based upon a successful resolution of the case as a whole.

"When calculating reasonable fees, establishing the hourly rate is generally the critical inquiry." *Wolfe v. Green,* No. 2:08–cv–01023, 2010 WL 3809857 *4, (S.D.W. Va. Sept. 24, 2010) (quoting *Westmoreland Coal Co. v. Cox,* 602 F.3d 276, 289 (4th Cir. 2010)). An hourly rate is considered reasonable when it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 890 n. 11 (1984). "[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 179 (4th Cir. 1994). The prevailing market rate for attorneys' fees in a given jurisdiction may be established "by evidence of what attorneys earn from paying clients for similar services in similar circumstances." *Depaoli v. Vacation Sales Assocs, LLC,* 489 F.3d 615, 622 (4th Cir. 2007). Consequently, affidavits outlining hourly rates typically charged and received by local attorneys in the case are useful in determining home market rates. *Id.* Likewise, affidavits from other local lawyers, who are not involved in the case, but are familiar with the skill level of the involved attorneys and with the type of work performed, are also evidence of the range of reasonable hourly rates in the relevant district. *Robinson,* 560 F.3d at 245. In the absence of persuasive affidavits, the court may look to "previous awards in the relevant marketplace as a barometer for how much to award counsel in the immediate case." *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 228 (4th Cir. 2009). When the fee applicant fails to provide sufficient outside evidence of prevailing rates in the community, the court may also rely on its own knowledge of such rates. *Rum Creek Coal Sales*, 31 F.3d at 174.

Defendant submitted a signed declaration from its lead attorney, Patrick C. Timony, a partner that routinely represents insurance companies in bad faith and coverage disputes. (ECF No. 48-1 at 1-2). Mr. Timony stated that he worked 5.8 hours on matters related to the motions to compel for which he charged a discounted rate of $225.00 per hour. (*Id.* at 2, 5). Mr. Timony specified that his partner, Ronda L. Harvey, who is also experienced in defending insurance companies, billed 0.2 hours at the rate of $225.00 per hour, and associate attorney Joshua Lanham billed 30.4 hours at the rate of $155.00 per hour. (*Id.* at 2-3, 2 n.1, 5). Mr. Timony asserted that he reviewed the billing records and determined that the time incurred was reasonable. (*Id.* at 3-4, 6). Defendant did not include in the fee calculation the cost of preparing the declarations for attorneys' fees or responding to Plaintiffs' Motion to Reconsider. (*Id.* at 4 n.2).

Defendant additionally provided a declaration prepared by Caleb B. David, an attorney from a competing law firm that practices insurance defense. (ECF No. 48-2 at 1). Mr. David explained that he is familiar with the prevailing market rates for reasonable attorneys' fees in West Virginia, and he is familiar with Mr. Timony's expertise. (*Id.*). According to Mr. David, the typical attorneys' rates in West Virginia for insurance bad faith cases are between $225.00 and $250.00 per hour for members/partners and between $150.00 and $190.00 for associates, at times exceeding those amounts. (*Id.* at 2). Mr. David asserted that the partner rate of $225.00 per hour and associate rate of $155.00 per hour billed in this matter were reasonable based on the attorneys' experience, skill set, and the market. (*Id.*). Defendant submitted another declaration prepared by Andrew C. Robey, who likewise stated that he is familiar with Mr. Timony and Mr. Lanham professionally, knows the prevailing market rates for these types of cases, and finds the rates charged reasonable. (ECF No. 48-3).

Having closely reviewed the entries in the fee application and applying the relevant law, the undersigned **ORDERS** that Defendant is entitled to reimbursement of attorneys' fees in the amount of **Six Thousand Sixty-Two Dollars and No cents ($6,062.00)**. Plaintiffs shall have **thirty (30) days** from the date of this Order to pay the aforementioned amount in full.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** November 29, 2021

_____
Cheryl A. Eifert
United States Magistrate Judge